(No. 77-CC-0515-

JAMES TARKOWSKI, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to strike filed April 17, 1978.*

*Order on motion to dismiss filed September 27, 1979.*

*Opinion filed April 14, 1983.*

*Order on motion to vacate dismissal filed June 1, 1983.*

ALICE NEFF BROWNE, for Claimant.

ARIES, HOYT & WILLIAMS, for Respondent.

## ORDER ON MOTION TO STRIKE COMPLAINT

HOLDERMAN, J.

This matter comes before the Court on a motion by Respondent to strike the complaint and objection to motion filed by Claimant.

Objection to motion is hereby overruled and motion to strike is granted and Claimant is hereby given sixty (60) days in which to file a new complaint.

## ORDER ON MOTION TO DISMISS

HOLDERMAN, J.

This matter comes before the Court upon motion to dismiss filed by Respondent.

Respondent's motion sets forth that the Ford pickup truck which sustained the damages complained of was owned by Claimant's son, James Tarkowski, and that on August 2, 1979, at a Court of Claims hearing, Claimant admitted that his son, James Tarkowski, signed the first amended complaint.

Respondent's motion states that Claimant indicated, in a July 19, 1979, statement, that he was not in the truck at the time of the occurrence and, therefore, did not have any interest in said cause. Respondent further states that it assumed that because the complaint was signed "J. Tarkowski, Claimant Pro Se" it referred to Claimant, John Tarkowski, rather than his son.

Respondent's motion is based on the grounds that Claimant did not have any interest in the subject matter of this lawsuit.

It is hereby ordered:

That Respondent's motion to dismiss be, and the same is, granted and this cause is dismissed.

## OPINION

HOLDERMAN, J.

On April 25, 1976, James Tarkowski was involved in an automobile accident on State Highway Route 14 at Rowhling Road. The traffic lights were inoperative and there was light snow on the ground and it was windy. Temporary stop signs had been placed on the poles of the traffic signals at the time of the accident in question.

It is Claimant's contention that Respondent failed to maintain the traffic signals at the scene of the accident. It is Claimant's further contention that the stop sign was mounted on a pole by a single strap which allowed the sign to vibrate back and forth in the gusty wind and was very difficult to see because of its small size. The accident in question took place at 4:13 p.m.

This complaint was originally filed under the name of J. Tarkowski and was dismissed on Respondent's motion on the grounds that, at the hearing before a commissioner on August 2, 1979, John Tarkowski testified that the property damage was actually sustained by his son, James Tarkowski, who signed the complaint, and that John Tarkowski had no interest in the subject matter and could not represent his son, James Tarkowski. On December 28, 1979, this Court vacated the order dismissing this claim and granted Claimant leave to secure an attorney. Claimant was still listed in the caption of the case as "J. Tarkowski." On May 27, 1980, the commissioner entered an order requiring the full name of Claimant to be indicated on the caption of the cause and on other documents to be filed, and thereafter, in com-

pliance with this order, James Tarkowski has appeared as Claimant on all documents filed by Claimant.

On March 19, 1981, a hearing was conducted at which time John Tarkowski stated that this claim had been assigned by James Tarkowski to John Tarkowski "for collection" on October 2, 1979. At this time the commissioner noted that the claim had been filed on behalf of James Tarkowski and all documents filed had indicated the Claimant as James Tarkowski and that the claim might be denied on the grounds that John Tarkowski was not the Claimant of record. Thereupon, John Tarkowski renounced his ownership of the claim and orally moved the Court to amend the complaint to change the name of Claimant to John Tarkowski.

After the hearing and prior to a ruling on the motion to amend, Claimant filed, on April 6, 1981, a document signed by John Tarkowski "voluntarily returning" the claim to James Tarkowski. It was the opinion of the commissioner at the time of the hearing on March 19, 1981, that John Tarkowski was not the Claimant listed and therefore this claim might be dismissed as having been brought by the wrong party. The assignment of this claim was evidently done to excuse the necessity of a court appearance by James Tarkowski.

James Tarkowski, the owner of the truck involved in the accident and the driver of said truck, was not called to testify at the hearing. The evidence shows that an automobile collided with a Ford truck at the intersection and that a short time later a Ford truck was found by John Tarkowski having damage similar to the damage sustained by the truck involved in the accident.

There was no evidence of any negligence on the part of Respondent and there was no evidence submitted showing that the driver of the truck or the automobile

could not see the stop sign. There was even a lack of evidence as to who was the driver of each vehicle. There was no evidence as to actual constructive notice of the defects in the traffic signal.

This Court has repeatedly held that before there can be a recovery, it must be shown that Claimant was free from contributory negligence and that there was negligence on the part of the Respondent and that such negligence was the proximate cause of the accident complained of. See *National Bank of Bloomington v. State* (1980), 34 Ill.Ct.Cl. 23.

Claimant having failed in every respect to meet the requirements as above set forth, this cause is hereby dismissed.

## ORDER ON MOTION TO VACATE DISMISSAL

HOLDERMAN, J.

This matter comes before the Court as a result of a communication from J. Tarkowski in the form of a letter in which he requests that the previous order of dismissal be vacated. The letter also states that due process requires a hearing on the facts.

The Court once again has reviewed the transcript and the file. The file discloses a hearing was held before a commissioner on March 19, 1981.

This cause arose as a result of an automobile accident on a State highway. At the hearing, the driver of Claimant's car did not testify as to the facts surrounding the accident in question. The Court dismissed this case on the grounds that Claimant had not met the burden of proof required in accident cases such as this. This Court has consistently held that in cases such as the one at bar, Claimant must show the State was guilty of negligence, that such negligence was the proximate cause of the

injury, and Claimant was free from contributory negligence. See *National Bank of Bloomington v. State* (1980), 34 Ill.Ct.Cl. 23.

It is the Court's opinion that Claimant failed in his burden of proof; therefore, Claimant's motion to vacate the order of dismissal is denied and the original order of dismissal is reaffirmed and this cause is dismissed.